The Law Office of Cliff Dean Schneider
Cliff Dean Schneider, SBN 290819
8939 S. Sepulveda Blvd., Suite 102
Los Angeles, CA 90045
Telephone: 310-560-1518
Facsimile: 562-291-2621

*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GILBERT RAMOS; and ZONIA RAMOS,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; and DOES 1-10,<br><br>Defendants | Case No.: 2:15-CV-2627<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure: False Arrest (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure: Search of Residence Without Valid Warrant (42 U.S.C. § 1983)<br>3. Unreasonable Search and Seizure: Excessive Force (42 U.S.C. § 1983)<br>4. Unreasonable Search and Seizure: False Arrest (California Civil Code 52.1)<br>5. Unreasonable Search and Seizure: Search of a Residence Without Valid Warrant (California Civil Code 52.1)<br>6. Unreasonable Search and Seizure: Excessive Force (California Civil Code 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES**

Plaintiffs GILBERT RAMOS and ZONIA RAMOS, for their complaint against Defendants COUNTY OF LOS ANGELES and Does 1-10, inclusive, allege as follows:

**INTRODUCTION**

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with a forced entry, by Los Angeles County Sheriff Officers, into Defendants' residence on or about April 9, 2015.

**PARTIES**

2. Plaintiffs GILBERT RAMOS ("GILBERT")and ZONIA RAMOS ("ZONIA") are individuals residing in the County of Los Angeles, California.

3. Defendant COUNTY OF LOS ANGELES ("COUNTY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, COUNTY was the employer of Defendants DOES 1-5, who were COUNTY sheriff's deputies, DOES 6-7, who were COUNTY sheriff's deputies' supervisorial officers, and DOES 8-10, who were managerial, supervisorial and policymaking employees of the COUNTY Sheriff Department. On information and belief, at all relevant times, DOES 1-10 were residents of County of Los Angeles, California. DOES 1-10 are sued in their individual capacity for damages.

4. At all relevant times, Defendants DOES 1-10 were duly authorized employees and agents of COUNTY, who were acting under color of law within the course and scope of their respective duties as sheriff's deputies and with the complete authority and ratification of their principal, Defendant COUNTY.

5. At all relevant times, Defendants DOES 1-10 were duly appointed officers and/or employees or agents of COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials.

6. Defendants DOES 1-10, in performing acts and/or failing to perform acts as hereinafter described, were acting on the implied and actual permission and consent of COUNTY.

7. The true full names of defendant DOE 1 is unknown to Plaintiffs, however on information and belief, DOE 1 has the surname of COX, and will hereafter be referred to as "COX". Plaintiffs sue COX by fictitious name and will seek leave to amend this complaint to show the true complete name and capacity of this defendant when it has been ascertained.

8. The true full names of defendant DOE 2 is unknown to Plaintiffs, however on information and belief, DOE 2 has the surname of BEAN, and will hereafter be referred to as "BEAN". Plaintiffs sue BEAN by fictitious name and will seek leave to amend this complaint to show the true complete name and capacity of this defendant when it has been ascertained.

9. The true full names of defendant DOE 3 is unknown to Plaintiffs, however on information and belief, DOE 3 has the surname of MORROW, and will hereafter be referred to as "MORROW". Plaintiffs sue MORROW by fictitious name and will seek leave to amend this complaint to show the true complete name and capacity of this defendant when it has been ascertained.

10. The true full names of defendant DOE 4 is unknown to Plaintiffs, however on information and belief, DOE 4 has the surname of MESA, and will hereafter be referred to as "MESA". Plaintiffs sue MESA by fictitious name and will seek leave to amend this complaint to show the true complete name and capacity of this defendant when it has been ascertained.

11. The true full names of defendants DOES 5-10 are unknown to Plaintiffs who therefore sue these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of the defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

**JURISDICTION AND VENUE**

12. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C §§ 1983, 1985, 1986, 1988, California Civil Code 52.1, and the Fourth and Fourteenth Amendment of the United States constitution. All claims based on California Civil Code 52.1 share the same common nucleus of fact with claims based on 42 U.S.C. § 1983. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

13. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Los Angeles, California.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

14. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 13 of this Complaint with the same force and effect as if fully set forth herein.

15. On or about April 9, 2015, Plaintiff ZONIA was in her home on Woodstone Lane in Lancaster, CA, along with Plaintiffs four (4) foster children. Plaintiff GILBERT is the owner of this residence.

16. At or about 2:50 pm, Defendants COX, BEAN, MORROW, MESA, and DOE 5 began knocking on the front door of the residence, demanding to be let in.

17. Plaintiff ZONIA contacted Plaintiff GILBERT, who was not home at the time, and informed him that police were demanding entry into their residence. Plaintiff GILBERT advised Plaintiff ZONIA not to open the door and ended the phone call.

18. Plaintiff GILBERT then contacted the Los Angeles County Sheriff to inquire as to the purpose of the visit. He was told that the police were there to investigate an allegation of child abuse and that they did not have

a warrant to search the property. Plaintiff GILBERT informed them at that time that he did not consent to any search of his residence.

19. Plaintiff GILBERT then called Plaintiff ZONIA to inform her of the substance of his conversation with the Sheriff's office. He also advised her not to open the door or give consent to search.

20. Plaintiff ZONIA then informed Defendants COX, BEAN, MORROW, MESA, and DOE 5 that she does not consent to a search and refuses to open the door without a warrant.

21. Shortly after Plaintiff's statements, Defendants COX, BEAN, MORROW, MESA, and DOE 5 forced the front door of the residence open, damaging the door frame.

22. Defendant COX then slapped the phone out of Plaintiff ZONIA's hand with force enough to send it flying across the room.

23. Plaintiff ZONIA was then handcuffed and placed in the back of a Sheriff vehicle where she was detained for some time.

24. On information and belief, Defendants COX, BEAN, MORROW, MESA, and DOE 5 searched Plaintiffs' residence, and interviewed their four (4) foster children without Plaintiffs present and without counsel.

25. Sometime thereafter, Keith Blyn from the Los Angeles County Department of Children and Family Services arrived to interview the foster children.

26. After Mr. Blyn's interviews were complete, Plaintiff ZONIA was released from the vehicle and her handcuffs were removed.

**FIRST CLAIM FOR RELIEF**

**Unreasonable Search and Seizure: False Arrest (42 U.S.C. § 1983)**

27. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 26 of this Complaint with the same force and effect as if fully set forth herein.

28. Defendants COX, BEAN, MORROW, MESA, and DOE 5 handcuffed and confined Plaintiff ZONIA such that a reasonable person would conclude that they are under arrest and not free to leave.

29. At the time of Plaintiff ZONIA's arrest, Defendants COX, BEAN, MORROW, MESA, and DOE 5 had neither an arrest warrant nor probable cause to believe that a crime had been committed.

30. Plaintiff ZONIA's arrest deprived her of her right to be secure in her person against unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

31. As a result, Plaintiff ZONIA suffered extreme emotional distress as well as harm to her reputation in the community.

32. Defendants COUNTY and DOES 6-10 are liable for the actions of Defendants COX, BEAN, MORROW, MESA, and DOE 5 because, on information and belief, Defendants COUNTY and DOES 6-10, as supervisors and policymakers, approved the actions performed by Defendants COX, BEAN, MORROW, MESA, and DOE 5.

33. The conduct of Defendants COX, BEAN, MORROW, MESA and DOE 5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs, and therefore, warrants the imposition of exemplary and punitive damages as to individual Defendants.

34. Plaintiffs also seek attorneys fees under this claim.

**SECOND CLAIM FOR RELIEF**

**Unreasonable Search and Seizure: Search of Residence Without Valid Warrant (42 U.S.C. § 1983)**

35. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 34 of this Complaint with the same force and effect as if fully set forth herein.

36. Defendants COX, BEAN, MORROW, MESA, and DOE 5 entered Plaintiffs' residence by forcing the locked front door open.

37. At the time of this entry, no warrant had been issued for a search of Plaintiffs' residence and no exigent circumstances existed.

38. This unlawful search deprived Plaintiffs of their right to be secure in their persons, house, papers, and effects against unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

39. As a result, Plaintiff ZONIA suffered extreme emotional distress as well as harm to her reputation in the community. Plaintiff GILBERT suffered pecuniary damages as a result of the damage to his door frame as well as harm to his reputation in the community.

40. Defendants COUNTY and DOES 6-10 are liable for the actions of Defendants COX, BEAN, MORROW, MESA, and DOE 5 because, on information and belief, Defendants COUNTY and DOES 6-10, as supervisors and policymakers, approved the actions performed by Defendants COX, BEAN, MORROW, MESA, and DOE 5.

41. The conduct of Defendants COX, BEAN, MORROW, MESA and DOE 5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs, and therefore, warrants the imposition of exemplary and punitive damages as to individual Defendants.

42. Plaintiffs also seek attorneys fees under this claim.

**THIRD CLAIM FOR RELIEF**

**Unreasonable Search and Seizure: Excessive Force (42 U.S.C. § 1983)**

**(Against Defendant COX)**

43. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 42 of this Complaint with the same force and effect as if fully set forth herein.

44. Defendant COX used excessive force by slapping a phone out of Plaintiff ZONIA's hand.

45. At the time of this use of force, Defendant had no apprehension of any threat whatsoever from Plaintiff ZONIA or anyone else in the residence.

46. This battery deprived her of her right to be secure in her person against unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

47. As a result, Plaintiff ZONIA suffered extreme emotional distress as well as minor pain and suffering.

48. The conduct of Defendant COX was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs, and therefore, warrants the imposition of exemplary and punitive damages as to this defendant.

49. Plaintiffs also seek attorneys fees under this claim.

**FOURTH CLAIM FOR RELIEF**

**Unreasonable Search and Seizure: False Arrest (California Civil Code 52.1)**

50. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 49 of this Complaint with the same force and effect as if fully set forth herein.

51. Defendants COX, BEAN, MORROW, MESA, and DOE 5 handcuffed and confined Plaintiff ZONIA such that a reasonable person would conclude that they are under arrest and not free to leave.

52. At the time of Plaintiff ZONIA's arrest, Defendants COX, BEAN, MORROW, MESA, and DOE 5 had neither an arrest warrant nor probable cause to believe that a crime had been committed.

53. Plaintiff ZONIA's arrest was accomplished by threat, coercion, or intimidation and interfered with her right to be secure in her person against unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

54. As a result, Plaintiff ZONIA suffered extreme emotional distress as well as harm to her reputation in the community.

55. Defendants COUNTY and DOES 6-10 are liable for the actions of Defendants COX, BEAN, MORROW, MESA, and DOE 5 because, on information and belief, Defendants COUNTY and DOES 6-10, as supervisors and policymakers, approved the actions performed by Defendants COX, BEAN, MORROW, MESA, and DOE 5.

56. The conduct of Defendants COX, BEAN, MORROW, MESA and DOE 5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs, and therefore, warrants the imposition of exemplary and punitive damages as to individual Defendants.

57. Plaintiffs also seek attorneys fees under this claim.

**FIFTH CLAIM FOR RELIEF**

**Unreasonable Search and Seizure: Search of Residence Without Valid Warrant (California Civil Code 52.1)**

58. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 57 of this Complaint with the same force and effect as if fully set forth herein.

59. Defendants COX, BEAN, MORROW, MESA, and DOE 5 entered Plaintiffs' residence by forcing the locked front door open.

60. At the time of this entry, no warrant had been issued for a search of Plaintiffs' residence and no exigent circumstances existed.

61. This unlawful search was accomplished by threat, coercion, and/or coercion and interfered with Plaintiffs right to be secure in their persons, house, papers, and effects against unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

62. As a result, Plaintiff ZONIA suffered extreme emotional distress as well as harm to her reputation in the community. Plaintiff GILBERT suffered pecuniary damages as a result of the damage to his door frame as well as harm to his reputation in the community.

63. Defendants COUNTY and DOES 6-10 are liable for the actions of Defendants COX, BEAN, MORROW, MESA, and DOE 5 because, on information and belief, Defendants COUNTY and DOES 6-10, as supervisors and policymakers, approved the actions performed by Defendants COX, BEAN, MORROW, MESA, and DOE 5.

64. The conduct of Defendants COX, BEAN, MORROW, MESA and DOE 5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs, and therefore, warrants the imposition of exemplary and punitive damages as to individual Defendants.

65. Plaintiffs also seek attorneys fees under this claim.

**SIXTH CLAIM FOR RELIEF**

**Unreasonable Search and Seizure: Excessive Force (California Civil Code 52.1)**

**(Against Defendant COX)**

66. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 65 of this Complaint with the same force and effect as if fully set forth herein.

67. Defendant COX used excessive force by slapping a phone out of Plaintiff ZONIA's hand.

68. At the time of this use of force, Defendant had no apprehension of any threat whatsoever from Plaintiff ZONIA or anyone else in the residence.

69. This battery was accomplished by coercion and deprived her of her right to be secure in her person against unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

70. As a result, Plaintiff ZONIA suffered extreme emotional distress as well as minor pain and suffering.

71. The conduct of Defendant COX was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs, and therefore, warrants the imposition of exemplary and punitive damages as to this defendant.

72. Plaintiffs also seek attorneys fees under this claim.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants County of Los Angeles, and Does 1-10, inclusive, as follows:

A. For compensatory damages in the amount to be proven at trial;

B. For punitive damages against the individual defendants in an amount to be proven at trial;

C. For interest;

D. For reasonable costs of this suit and attorney's fees; and

E. For such further other relief as the Court may deem just, proper, and appropriate.

Dated: April 8, 2015

THE LAW OFFICE OF CLIFF DEAN SCHNEIDER

Bv /s/ Cliff Dean Schneider
Cliff Dean Schneider
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

Dated: April 8, 2015

THE LAW OFFICE OF CLIFF DEAN SCHNEIDER

Bv /s/ Cliff Dean Schneider
Cliff Dean Schneider
Attorney for Plaintiff